

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SHIRLEY V. PELAGE                                           COMPLAINT
                            Plaintiff,                      AND JURY DEMAND

        -against-

THE CITY OF NEW YORK; RAYMOND W. KELLY, as
Police Commissioner; CHARLES V. CAMPISI, as Bureau
Chief, Internal Affairs Bureau, each being sued individually
and in their official capacities as employees of defendant THE
CITY OF NEW YORK

                                                Defendants'
-------------------------------------------------------------------x

The plaintiff SHIRLEY V. PELAGE, by her attorney The Sanders Firm, P.C., as and for her complaint against defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY and CHARLES V. CAMPISI, respectfully set forth and allege that:

## INTRODUCTION

This is an action for equitable relief and money damages on behalf of plaintiff SHIRLEY V. PELAGE, (hereinafter referred to as "plaintiff") who was being deprived of her statutory rights as an employee as a result of defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY and CHARLES V. CAMPISI'S discriminatory conduct.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

    a. the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in his civil rights and the redress of deprivation of rights under color of law.

2. The unlawful employment practices, violations of plaintiff's civil rights complained

of herein were committed within the Eastern and Southern Districts of New York.

3.     The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296 and New York City Administrative Code § 8-107, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PROCEDURAL REQUIREMENTS

4.     Plaintiff has filed suit with this Court within the applicable statute of limitations period.

5.     Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1871.

## PLAINTIFF

6.     Plaintiff SHIRLEY V. PELAGE is a female citizen of the United States of America and is over twenty-one (21) years of age, a resident of Richmond County and is an employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department City of New York (hereinafter referred to as the "NYPD"). For the purposes of this litigation, Defendant CITY may be identified interchangeably using CITY or NYPD to identify the employer, which is the CITY.

## DEFENDANTS'

7.     Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times Plaintiff's employer with its central offices in the county of New York, and diverse other offices and facilities throughout the world.

8. Defendants' RAYMOND W. KELLY, as Police Commissioner and CHARLES V. CAMPISI, as Bureau Chief, Internal Affairs Bureau, each being sued individually and in their official capacities as employees of defendant THE CITY OF NEW YORK.

## BACKGROUND

9. Plaintiff alleges that throughout her assignment to the Internal Affairs Bureau from July 2, 1999, through her retirement April 13, 2013 defendants' RAYMOND W. KELLY and CHARLES V. CAMPISI the 'Bureau' operates as an inept corrupt 'Good Ole Boys' network protected and condoned by Mayor Michael R. Bloomberg and the New York City Council without any governmental oversight.

10. Plaintiff alleges that since she and other similarly situated African-American Females Officers have rebuffed this 'Good Ole Boys' network, they encounter a race and gender based hostile work environment on a daily basis.

11. Plaintiff alleges that the Internal Affairs Bureau under defendants' RAYMOND W. KELLY and CHARLES V. CAMPISI intentionally inhibits the oversight and monitoring of the Police Department City of New York by the Commission to Combat Police Corruption; the New York City Civilian Complaint Review Board; as well as the District Attorneys of New York, Bronx, Queens, Kings and Richmond Counties, this is accomplished by frustrating the process of obtaining relevant or pertinent information by providing 'sanitized' or 'misleading' information thereby impacting the public safety particularly the African-American and other communities of color.

12. Plaintiff alleges that the Internal Affairs Bureau under defendants' RAYMOND W. KELLY and CHARLES V. CAMPISI intentionally misleads the public and jeopardizes the public safety by promoting an 'image' of openness and fairness in policing meanwhile covering up its own serious corruption problems.

13. Plaintiff alleges that the Internal Affairs Bureau is rife with problems of intentionally 'mishandling' police corruption cases to avoid Department and primarily Caucasian Male Officers criminal and civil liability, misusing public funds, misusing Department equipment (radio motor patrol vehicles, cellular telephones, EZ Passes, helicopters, etc.), racism, sexism and nepotism.

14. Plaintiff alleges that females particularly African-Americans who do not go along with such behaviors are not promoted or given preferred assignments.

15. Plaintiff alleges that the Internal Affairs Bureau under defendant RAYMOND W. KELLY and CHARLES V. CAMPISI intentionally circumvent the 'Fitness for Duty' Rule by ordering IAB Duty Inspectors and Captains to not 'order' officers involved in firearm discharges to submit to a 'Breathalyzer Test' unless there is an 'injury' this is done to protect the Department and primarily Caucasian Male Officers from potential criminal and civil liability.

16. Plaintiff alleges that the Internal Affairs Bureau is rife with problems of intentionally 'mishandling' police corruption cases to avoid Department and primarily Caucasian Male Officers criminal and civil liability.

17. Plaintiff alleges that promotions and preferred assignments are solely based upon the employees' race and their affiliations, with the bulk given to 'unqualified' Caucasian Male Officers' to the detriment of African-American Female Officers.'

18. Plaintiff alleges that African-American Female Officers' in particular, are expected to engage in the stereotypical behaviors of being subservient to primarily Caucasian Male police supervisors by acting as their 'personal secretaries, paramour or sex partners.'

19. Plaintiff alleges that African-American Female Officers' who do not engage in stereotypical behaviors are denied promotions and preferred assignments.

20. Plaintiff alleges that the Internal Affairs Bureau defendants' RAYMOND W. KELLY and CHARLES V. CAMPISI there is no 'confidentiality' as soon as a complaint is filed by a civilian against an officer such complaint is immediately made known to the officer's commanding officer compromising the investigation and the civilian's personal safety.

21. Plaintiff alleges that the Internal Affairs Bureau under defendants' RAYMOND W. KELLY and CHARLES V. CAMPISI there is no 'confidentiality' as soon as a complaint is filed by an African-American or Hispanic Officer, such complaint is immediately made known throughout the 'Bureau' as well as the reporting officer's command compromising the investigation and the officer's personal safety.

22. Plaintiff alleges that the Internal Affairs Bureau under defendants' RAYMOND W. KELLY and CHARLES V. CAMPISI intentionally target African-American Officers' with 'bogus' investigations when there is no basis for either initiating an investigation against them or continuing with an investigation even after there is 'no evidence' of police misconduct.

23. Plaintiff alleges that for example, investigators consistently and without legal basis, perform 'financial' background checks of African-American Officers' based upon racial stereotyping. i.e. drives a 'nice' car or lives in a 'nice' neighborhood.

24. Plaintiff alleges that the Internal Affairs Bureau defendant RAYMOND W. KELLY and CHARLES V. CAMPISI uses a flawed and biased 'quota' system.

25. Plaintiff alleges that this 'quota' system artificially increases its' 'numbers' making it appear that the Internal Affairs Bureau is being 'proactive' investigating police corruption.

26. Plaintiff alleges that when in fact, they are using such mechanisms as Integrity Tests (Random and Targeted), EDITS, AWARES and prisoner debriefings to intentionally

mislead the public about the 'true' number of police corruption and civilian complaints filed primarily by African-American Male civilians and officers' against Caucasian Male Officers.

27. Plaintiff alleges that the Internal Affairs Bureau defendant RAYMOND W. KELLY and CHARLES V. CAMPISI there are a significant number of cases where African-American and Hispanic Officers who file complaints of discrimination suddenly becomes the 'Subject Officer' in an unrelated misconduct case.

28. Plaintiff alleges that these cases usually originate from an 'Anonymous' source usually for 'Criminal Association.'

29. Plaintiff alleges that the investigators then engage in a 'fishing' expedition including but not limited to: obtaining the officer's cellular and telephone records, financial records, wiretapping the officer's cellular and/or home telephone, etc.

30. Plaintiff alleges that if that does not result in a 'Substantiated' finding, they continue to investigate for unrelated minor Patrol Guide violations.

31. Plaintiff alleges that these actions dissuade complainants and others from asserting or supporting discrimination claims.

32. Plaintiff alleges that the Internal Affairs Bureau under defendants' RAYMOND W. KELLY and CHARLES V. CAMPISI intentionally use Integrity Tests (Random and Targeted), EDIT and AWARE Operations to get a 'body' meaning an 'employee' for the sole purpose of obtaining overtime for their own financial gain.

33. Plaintiff alleges that this is similar to the 'Collars for Dollars' schemes used by enforcement units, arresting people for the sole purpose of obtaining overtime for their own financial gain.

34. Plaintiff alleges that the overwhelming majority of police officers are Caucasian.

35. Plaintiff alleges that so naturally, the overwhelming majority of 'Subject Officers' should be Caucasian.

36. Plaintiff alleges that however, on a whole, case results in the Internal Affairs Bureau are determined based upon the 'Subject Officers' race.

37. Plaintiff alleges that African-American and Hispanic 'Subject Officers,' generally receive more significant penalties than Caucasian 'Subject Officers.'

38. Plaintiff alleges that African-American and Hispanic 'Subject Officers' generally forfeit more vacation time, and are suspended, modified and terminated more frequently than Caucasian 'Subject Officers' for the same or similar allegations of corruption or serious misconduct.

39. Plaintiff alleges African-American and Hispanic 'Subject Officers' cases are 'Substantiated' more frequently than Caucasian 'Subject Officers' and often times for reasons unrelated to the initial allegations.

40. Plaintiff alleges that the Internal Affairs Bureau under defendants' RAYMOND W. KELLY and CHARLES V. CAMPISI utilize AWARE Operations in a racially discriminatory manner as well.

41. Plaintiff alleges that AWARE Operations are street level 'observations' designed to arrest persons violating the law.

42. Plaintiff alleges that however, on a whole, AWARE Operations are raced-based.

43. Plaintiff alleges that primarily, the Internal Affairs Bureau intentionally targets African Males allegedly observed as unlicensed 'street vendors' and African-American Males allegedly observed smoking marijuana in public view.

44. Plaintiff alleges that Caucasians and other racial or ethnic groups are rarely if ever

7

subjected to AWARE Operations.

45. Plaintiff alleges that the Internal Affairs Bureau under defendants' RAYMOND W. KELLY and CHARLES V. CAMPISI utilize EDIT Operations in a racially discriminatory manner as well.

46. Plaintiff alleges that EDIT Operations are essentially warrant operations designed to arrest persons with outstanding warrants.

47. Plaintiff alleges that however, on a whole, EDIT Operations are race-based.

48. Plaintiff alleges that EDIT Operations threatens the public safety.

49. Plaintiff alleges that primarily, the Internal Affairs Bureau intentionally targets African-American and Hispanics.

50. Plaintiff alleges that Caucasians and other racial or ethnic groups are rarely if ever subjected to EDIT Operations.

51. Plaintiff alleges that additionally, EDIT Operations are implemented without approved Tactical Plans (TAC), no tactical equipment being used, nor are the personnel properly trained.

52. Plaintiff alleges that the Internal Affairs Bureau under defendant RAYMOND W. KELLY and CHARLES V. CAMPISI utilize Integrity Tests in a racially discriminatory manner as well.

53. Plaintiff alleges that the Undercover Officer, usually an African-American or Hispanic Male is used to give the 'Target Officer' an item under a 'guise.'

54. Plaintiff alleges that Integrity Tests are 'Pass or Fail.'

55. Plaintiff alleges that Integrity Tests are 'allegedly' used to test an employees' compliance with Department Policies.

56. Plaintiff alleges that however, on a whole, Integrity Tests are race-based.

57. Plaintiff alleges that primarily, the Internal Affairs Bureau intentionally targets African-American and Hispanic Officers.

58. Plaintiff alleges that Caucasian and other racial or ethnic groups are rarely if ever subjected to Integrity Tests.

59. Plaintiff alleges that the Internal Affairs Bureau under defendants' RAYMOND W. KELLY and CHARLES V. CAMPISI intentionally assign African-American Female and Male Officers' to work as undercover investigators then use such assignments to deny them promotions and other preferred assignments.

60. Plaintiff alleges that there is 'no viable mechanism' to file 'corruption' complaints against the Internal Affairs Bureau by its African-American and Hispanic Officers.'

61. Plaintiff alleges that as soon as a complaint is filed by such employee, the complaint is immediately made known to defendant CHARLES V. CAMPISI who immediately suppresses the complaint to protect his own self-interest compromising the investigation and the employee's personal safety.

62. Plaintiff alleges that there is 'no viable mechanism' to file 'discrimination' complaints against the Internal Affairs Bureau by its African-American and Hispanic Officers.'

63. Plaintiff alleges that as soon as a complaint is filed by such employee, Deputy Commissioner of the Office of Equal Employment Opportunity Neldra M. Zeigler immediately notifies defendant CHARLES V. CAMPISI, they then conjunctively suppress the complaint to protect the Department's and their own self-interests compromising the investigation and the employee's personal safety.

64. Plaintiff alleges that between July 2, 1999, through her retirement April 13, 2013

she was passed over for promotion numerous times in favor of less qualified Caucasian employees because she rejected the racial bias practiced against African-Americans and Hispanics within the Internal Affairs Bureau under defendants' RAYMOND W. KELLY and CHARLES V. CAMPISI.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### FAILURE TO PROMOTE
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

65. Plaintiff re-alleges Paragraph 1 through 64 and incorporates them by reference as Paragraph 1 through 65 of Count I of this complaint.

66. Plaintiff alleges that defendants' RAYMOND W. KELLY and CHARLES V. CAMPISI under color of law personally interfered with and deprived her of her constitutional rights, and statutory rights to be promoted to Detective Second Grade and First Grade because of her opposition to race discrimination.

67. Plaintiff alleges that defendants' RAYMOND W. KELLY and CHARLES V. CAMPISI acting individually and in their official capacities as public officials of defendant CITY under color of law, and having been fully advised she was being deprived of her constitutional rights, either acted in a concerted, malicious, intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly committed to act to protect her from continuing deprivation of her rights.

68. Plaintiff alleges that defendants' RAYMOND W. KELLY and CHARLES V. CAMPISI in acting to deprive her of her rights, acted intentionally knowingly, willfully, and with gross disregard of her rights.

69. Plaintiff alleges that defendants' RAYMOND W. KELLY and CHARLES V.

CAMPISI acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up directed at her and continuing from in or around July 2, 1999, through her retirement April 13, 2013.

70. Plaintiff alleges that as a result of the acts of defendants' RAYMOND W. KELLY and CHARLES V. CAMPISI under color of law, she suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT II
## ABUSE OF AUTHORITY
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

71. Plaintiff re-alleges Paragraph 1 through 70 and incorporates them by reference as Paragraph 1 through 70 of Count II of this complaint.

72. Plaintiff alleges that defendants' RAYMOND W. KELLY and CHARLES V. CAMPISI under color of law personally interfered with and deprived her of constitutional rights, including the rights to petition her government for redress of her grievances and to be free from deprivation of life, liberty, and property without due process of law.

73. Plaintiff alleges that defendants' RAYMOND W. KELLY and CHARLES V. CAMPISI acting individually and in their official capacities as public officials of defendant CITY under color of law, and having been fully advised she was being deprived of her constitutional rights, either acted in a concerted, malicious, intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly committed to act to protect her from continuing deprivation of her rights.

74. Plaintiff alleges that defendants' RAYMOND W. KELLY and CHARLES V. CAMPISI in acting to deprive her of her rights, acted intentionally knowingly, willfully, and

with gross disregard of her rights.

75. Plaintiff alleges that defendants' RAYMOND W. KELLY and CHARLES V. CAMPISI acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up directed at her and continuing from in or around July 2, 1999, through her retirement April 13, 2013.

76. Plaintiff alleges that as a result of the acts of defendants' RAYMOND W. KELLY and CHARLES V. CAMPISI under color of law, she suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT III
## FAILURE TO PROMOTE
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

77. Plaintiff re-alleges Paragraph 1 through 76 and incorporates them by reference as Paragraph 1 through 76 of Count III of this complaint.

78. Plaintiff alleges that New York State Executive Law § 296 makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their race.

79. Plaintiff alleges that defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY and CHARLES V. CAMPISI engaged in various severe and hostile actions against her causing her to be denied a rightly earned promotion to Detective Second Grade and First Grade as a result of her opposition to race discrimination.

80. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY and CHARLES V. CAMPISI she suffered the indignity of race discrimination and great humiliation.

81. Plaintiff alleges that defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY and CHARLES V. CAMPISI violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT IV
## FAILURE TO PROMOTE
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

82. Plaintiff re-alleges Paragraph 1 through 81 and incorporates them by reference as Paragraph 1 through 81 of Count IV of this complaint.

83. Plaintiff alleges that New York City Administrative Code § 8-107 makes it unlawful to discriminate against any individual in terms, conditions, or privilege of employment because of their race.

84. Plaintiff alleges that defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY and CHARLES V. CAMPISI engaged in various severe and hostile actions against her causing her to be denied a rightly earned promotion to Detective Second Grade and First Grade as a result of her opposition to race discrimination.

85. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY and CHARLES V. CAMPISI she suffered the indignity of race discrimination and great humiliation.

86. Plaintiff alleges that defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY and CHARLES V. CAMPISI violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## JURY TRIAL

87. Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, plaintiff demands compensatory and punitive damages from defendants' THE CITY OF NEW YORK; RAYMOND W. KELLY and CHARLES CAMPISI jointly and severally, in an amount to be determined at trial, plus any al available statutory remedies, both legal and equitable, and interests and costs.

Dated: November 5, 2013
New York, NY

Respectfully submitted,

By: _____
Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
(800) 371-4835 (Business Telephone)
(212) 537-9081 (Facsimile)

Website: http://www.thesandersfirmpc.com